IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LUMI BRADFORD, | |
| Plaintiff, | **REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS** |
| v. | |
| SLC POLICE DEPARTMENT, SLC NEIGHBORHOOD WATCH, DEPARTMENT OF HUMAN SERVICES AND THEIR AUTHORIZED AGENTS/AGENCY, | Case No. 2:09-CV-00144  DAK
Judge Dale A. Kimball
Magistrate Judge Nuffer |
| Defendants. | |

The Motion to Dismiss[1] filed by the Utah Department of Human Services ("DHS") pursuant to Fed. R. Civ. P. 12(b)(6) is referred to the magistrate judge under 28 U.S.C. §636(b)(1)(B). No opposition was filed. The court has reviewed the motion, memorandum, and relevant legal authority. For the reasons set forth below, the magistrate judge recommends Defendant's Motion to Dismiss be GRANTED.

The court's function when reviewing a Rule 12(b)(6) motion is "to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[2] When reviewing such a motion, the court will not only presume that all of the plaintiff's allegations are true, but also view all of the pleadings in a light most favorable to the non-moving

---

[1] Docket no. 13, filed June 24, 2009.

[2] *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999).

party.[3] Even so, the complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."[4]

The plaintiff's complaint in its current form does not state a plausible legal claim because (1) as currently captioned, the plaintiff is attempting to sue an arm of the State of Utah in violation of the Eleventh Amendment; and (2) Section 1983 does not apply because the defendant would not qualify as a "person" under 42 U.S.C. § 1983. Further, plaintiff has failed to make a timely response to the motion.

## ELEVENTH AMENDMENT

The Eleventh Amendment precludes claims for damages against the states, their agencies, and their officials in federal court unless they have consented or expressly waived immunity.[5] Eleventh Amendment immunity applies to all suits brought in federal court, including Section 1983 suits.[6] The amendment bars suits seeking monetary, equitable, and injunctive relief against a state or "arms of the state."[7] State agencies are considered "arms of the state" for Eleventh Amendment purposes.[8] DHS, as an agency of the State of Utah, is immune from Plaintiff's suit as a matter of black-letter law. The State has not waived immunity for this suit, and there is no statutory or other basis to find that the state has waived immunity. Plaintiff's claims against DHS are therefore barred.

---

[3] *Albright v. Oliver*, 510 U.S. 266, 268 (1994).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995).

[6] *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

[7] *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993).

[8] *Hensel v. Office of Chief Admin. Hearing Officer*, 38 F.3d 505, 508 (10th Cir. 1994).

## SECTION 1983

DHS is not a "person" under 42 U.S.C. § 1983. Section 1983 provides a remedy against

> [e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . ,subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and Laws.[9]

It is well settled that entities entitled to Eleventh Amendment immunity are not "persons" under the civil rights statutes, including Section 1983, and cannot be sued under those provisions.[10] Accordingly, all of Plaintiff's claims against DHS, which could be construed as alleging Section 1983 violations, fail as a matter of law.

## TIMELY RESPONSE

The Defendant filed its Motion to Dismiss on June 24, 2009. Under DUCivR 7-1(b)(4), the Plaintiff's response to the Motion to Dismiss was due July 27, 2009. However, as of the date of this order, the Plaintiff has not filed a response to the Motion to Dismiss. Under DUCivR 7-1(d) "Failure to respond timely to a motion may result in the court's granting the motion without further notice."

## RECOMMENDATION

The Motion to Dismiss filed by the Utah Department of Human Services should be granted because Bradford's claims against DHS are barred by the Eleventh Amendment and because DHS is not a person within the meaning of Section 1983.

---

[9] 42 U.S.C. § 1983 (emphasis added).

[10] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995).

**NOTICE TO THE PARTIES**

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 25th day of January, 2010.

BY THE COURT:

_____
DAVID NUFFER
United States Magistrate Judge